Anton J. Cermak for use of Henry Stark, Defendant in Error, v. P. A. Starck Piano Company and United States Fidelity & Guaranty Company, Plaintiffs in Error.

Gen. No. 21,676.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Arthur J. Gray, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

### Statement of the Case.

Action on a replevin bond by Anton J. Cermak for use of Henry Stark, plaintiff, against P. A. Starck Piano Company, a corporation, and United States Fidelity & Guaranty Company, defendants.

Plaintiff in a trial by the court had judgment for $400 debt, the penalty of the bond, and $254 damages in the usual form, to reverse which defendants prosecute this writ of error.

The replevin bond sued upon was given in a replevin suit, under which the defendant piano company took the piano of plaintiff. The replevin suit resulted in a judgment in favor of plaintiff and the award of a writ of *retorno habendo* for the piano. The piano was not returned.

Defendants tendered in defense a writing claimed to be a contract between plaintiff and the piano company for the purchase of the piano in question on the so-called "instalment plan." It was claimed that under this contract plaintiff was behind in his payments at the time of the suing out of the replevin writ, and that thereby, under the contract, the piano was the property of the piano company and it had the right to reduce it to possession. Plaintiff denied that he signed the contract, but claimed that all he signed was a delivery ticket. Defendants' witness, Laury, while testifying that plaintiff signed the proffered contract, admitted

that it had been changed in several material particulars and that a large part of its terms had been added since plaintiff signed it. There was no proof that plaintiff assented to any of the changes made in the alleged contract. The court excluded the writing because such material changes and alterations had been made without the assent of plaintiff.

MARTIN CONNOR, for plaintiffs in error.

GEORGE M. WEICHELT, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. REPLEVIN, § 134*—*what measure of damages where property not returned.* Where a replevin suit results in a judgment in favor of plaintiff and the award of a writ of *retorno habendo* and the property is not returned, the measure of plaintiff's damages in a suit on the bond is the value of the property together with his costs.

2. ALTERATION OF INSTRUMENTS, § 14*—*what effect of material alteration in instrument sued on.* Where a defendant in replevin sets up as his sole defense an alleged contract, the making of which is denied by plaintiff, and admits having made material alterations therein after its execution and no evidence is introduced to show plaintiff's assent to the changes, the court properly excludes the writing and finds title to the property in plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.